Gilbert E. Harris
vs.                    No. 2832.
United Fruit Stores, Inc.

May 23, 1934.

POULIOT, J.  This cause is before the Court on defendant's motion for a new trial after a jury returned a verdict for the plaintiff in the sum of $200.

The liability and the facts are discussed in the rescript filed in the companion case, *Ellen S. Harris* vs. *United Fruit Stores*, Inc., No. 2831.

The plaintiff's expenses are $56 to Mrs. Robbins, who helped at the plaintiff's home doing housework, and $82, the bill of Dr. Clarke, a total of $138. The number of treatments, with little resulting success, do not seem to have been all necessary.

Allowing for the loss of companionship during the period of plaintiff's wife's illness, the sum of $150 seems to be fair and ample.

If the plaintiff, within ten days, remits all of the verdict in excess of of $150, defendant's motion for a new trial is denied, otherwise granted.

For plaintiff: Bernard B. Abedon.
For defendant: Henry M. Boss, Jr.

Irene Dowe
vs.                    No. 92296.
John Lisker

DECISION.

May 24, 1934.

WALSH, J.  Heard on demurrer to additional count of declaration.

The declaration is in negligence. The duty alleged is that defendant, as owner of an apartment house in which plaintiff was tenant in one of the apartments, was bound "to maintain a Frigidaire refrigerator so that it would not leak or otherwise permit water to flow therefrom and accumulate upon the floor of the kitchen in the plaintiff's apartment". The breach of this alleged duty is stated "that water did leak therefrom and ran upon and accumulated upon the floor of the kitchen in the plaintiff's apartment so that the same became slippery * * * ".

The Frigidaire was an appliance furnished by the landlord and was operated from a central plant serving all apartments in the building. The Frigidaire was located in the apartment of the plaintiff to which the landlord would not have access. It does not appear that the Frigidaire was out of repair. It does not appear that the presence of water was not usual at certain times when the process of refrigeration was being regulated. The landlord is not an insurer; he is bound only to use reasonable care to keep the appliance in a reasonably safe condition for use by the tenant. The statement of duty is, in our opinion, insufficient.

The count of the declaration demurred to does not allege in what respect the defendant was negligent.

The count of the declaration demurred to does not allege that defendant had notice of any defect in the appliance or that he had any opportunity to remedy the alleged defect.

The demurrer to the additional count of the declaration is sustained on all three grounds.

For plaintiff: Adler & Flint.
For defendant: Sullivan, Lisker & Sullivan.